**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE ANN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,[1]<br>Commissioner of Social Security,<br><br>Defendant. | : | CIVIL NO. 1:25-cv-01763<br><br>(Magistrate Judge Schwab) |

**MEMORANDUM OPINION**

## I. Introduction.

In this social security action, Plaintiff Michelle Ann Smith ("Smith") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g). For the reasons set forth below, we will affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

[1] Frank Bisignano is now the Commissioner of Social Security, and he is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d) (providing that when a public officer sued in his or her official capacity ceases to hold office while the action is pending, "[t]he officer's successor is automatically substituted as a party"); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

## II. Background and Procedural History.

We refer to the transcript provided by the Commissioner. *See docs. 7-1* to *7-9*.[2] In 2021, Smith protectively filed[3] an application for disability insurance benefits, alleging that she has been disabled since January 12, 2021. *Admin Tr.* 415–19. After her claim at the initial and reconsideration levels of administrative review were denied, Smith requested an administrative hearing. *Id.* at 130–141, 197–200, 209–10. On November 13, 2023, Smith—who was represented by counsel—as well as a vocational expert and medical expert testified at a telephonic hearing before Administrate Law Judge Howard Kaufman (the "ALJ"). *Id.* at 57–92. On December 12, 2023, the ALJ denied Smith's claim for benefits. *Id.* at 154–168. Smith appealed the ALJ's decision to the Appeals Council, which subsequently vacated the ALJ's December 2023 decision, and remanded the case to the ALJ with instructions to, among other things, "[e]nsure all exhibits are selected, arranged, and marked in accordance with HALLEX I-2-1-15 and I-2-1-20"; "[o]btain additional evidence concerning the claimant's impairment in order

[2] Because the facts of this case are well known to the parties, we do not repeat them here in detail. Instead, we recite only those facts that bear on Smith's claims.

[3] "Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits." *Stitzel v. Berryhill*, No. 3:16-CV-0391, 2017 WL 5559918, at *1 n.3 (M.D. Pa. Nov. 9, 2017). "A protective filing date allows an individual to have an earlier application date than the date the application is actually signed." *Id.*

to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence"; "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific reference to evidence of the record in support of the assessed limitation"; and, "[i]f warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." *Id.* at 175–81. On remand, the ALJ held a telephonic hearing. *Id.* at 40–56. Smith and a vocational expert testified at the hearing. *Id.*

By a decision dated January 3, 2025, the ALJ again denied Smith's claim for benefits. *Id.* at 14–31. Smith appealed the January 2025 Decision to the Appeals Council, which denied her request for review. *Id.* at 1–6. This makes the ALJ's January 2025 Decision the final decision of the Commissioner subject to judicial review by this Court.

On September 22, 2025, Smith, proceeding pro se, began this action by filing a complaint seeking review of the Commissioner's decision denying her claim. *See doc. 1*. In the section of the form complaint titled "Statement of Claim," Smith placed a checkmark in the box next to the statement "The Commissioner's decision was based on legal error." *Id.* at 3. In the space below this statement, Smith wrote, "not all evidence was filed by my lawyer in my case." *Id.* She

requests that we "modify the [Commissioner's] decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability." *Id.* at 3.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 10*. The Commissioner filed a certified transcript of the administrative proceedings, which constitutes the entirety of his answer. *See doc. 7*. The parties filed briefs (*see docs. 12–13*) and this matter is ripe for decision.

## III. Legal Standards.

### A. Substantial Evidence Review—the Role of This Court.

When reviewing the Commissioner's final decision denying a claimant's application for benefits, "the court has plenary review of all legal issues decided by the Commissioner." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). But the court's review of the Commissioner's factual findings is limited to whether substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

Substantial evidence "is less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's] finding from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before this court, therefore, is not whether Smith is disabled, but whether substantial evidence supports the Commissioner's finding that she is not disabled and whether the Commissioner correctly applied the relevant law.

**B. Initial Burdens of Proof, Persuasion, and Articulation.**

To receive benefits under Title II of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a).

To receive disability insurance benefits under Title II of the Social Security Act, a claimant must show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131(a).[4]

[4] "Disability insurance benefits are paid to an individual if that individual is disabled and 'insured,' that is, the individual has worked long enough and paid social security taxes." *Jury v. Colvin*, No. 3:12-CV-2002, 2014 WL 1028439, at *1 n.5 (M.D. Pa. Mar. 14, 2014) (citing 42 U.S.C. §§ 415(a), 416(i)(1)). "The last date that an individual meets the requirements of being insured is commonly referred to as the 'date last insured.'" *Id*. (citing 42 U.S.C. § 416(i)(2)). Here, the ALJ determined that Smith met the insured-status requirements through June 30, 2026. *Admin. Tr.* at 20.

The ALJ follows a five-step sequential-evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(i)–(v).

The ALJ must also assess a claimant's RFC at step four. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 198 n.2 (3d Cir. 2019). The RFC is "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett v Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)); *see also* 20 C.F.R. § 404.1545(a)(1). In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairment identified by the ALJ at step two of his or her analysis. 20 C.F.R. § 404.1545(a)(2).

"The claimant bears the burden of proof at steps one through four" of the sequential-evaluation process. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d

Cir. 2010). But at step five, "the burden of production shifts to the Commissioner, who must . . . show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity." *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001).

The ALJ's disability determination must also meet certain basic substantive requisites. Most significantly, the ALJ must provide "a clear and satisfactory explication of the basis on which" his or her decision rests. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). "The ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F. 3d 429, 433 (3d Cir. 1999). The "ALJ may not reject pertinent or probative evidence without explanation." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008). Otherwise, "'the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett*, 220 F.3d at 121 (quoting *Cotter*, 642 F.2d at 705).

**IV. The ALJ's Decision.**

On January 3, 2025, the ALJ denied Smith's claim for benefits. *Admin. Tr.* at 14–31. He proceeded through the five-step sequential-evaluation process.

**A. Step One.**

At step one of the sequential-evaluation process, the ALJ found that Smith had engaged in substantial gainful activity from approximately June 2024 through early December 2024. *Id.* at 20. However, the ALJ further found that there had been a continuous 12-month period during which Smith did not engage in substantial gainful activity. *Id.* at 21.

**B. Step Two.**

At step two of the sequential-evaluation process, the ALJ found that Smith had the following severe impairments: "osteoarthritis of both knees, status post acute heart attack, coronary artery disease with a stent to the coronary artery, asthma, right calcaneal spur, restless leg syndrome, nocturnal hypoxemia, tarsal tunnel syndrome of the right lower extremity, bilateral calcaneal enthesophytes, coccydynia, COPD, and obesity."[5] *Id.* at 21. The ALJ also found that Smith had several non-severe medically determinable impairments. *Id.* at 21–23.

**C. Step Three.**

At step three of the sequential-evaluation process, the ALJ found that Smith did not have an impairment or combination of impairments that met or medically

[5] For readability purposes, here—and elsewhere—when citing or quoting the ALJ's decision, we omit the ALJ's citations to the record.

equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 23. Specifically, the ALJ concluded that Smith's musculoskeletal impairments do not meet or medically equal any listing under Section 1.00 of the listings regarding musculoskeletal impairments. *Id.* He also concluded that "[n]o cardiovascular listing is met or medically equaled nor are listings 3.03, 11.14, or any other neurological listing[.]" *Id.* And in considering Smith's obesity in conjunction with the above listings, the ALJ concluded that "no listing is met or medically equaled." *Id.*

**D. The RFC.**

The ALJ then determined that Smith had the RFC to perform sedentary work[6] with some limitations. *Id.* at 24. He concluded that Smith can lift and/ or carry 20 pounds occasionally and 10 pounds frequently; she can sit 6 hours, stand, or walk for 2 hours total per 8-hour workday; she can never climb ramps or stairs; she can occasionally balance, stoop, kneel, crouch, and crawl; she cannot climb ladders, ropes, or scaffolds; and she can tolerate no concentrated exposure to

[6] *See* 20 C.F.R. § 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").

fumes, dusts, gases, odors, poor ventilation; and she can tolerate no exposure to unprotected heights or moving machinery parts. *Id.*

In making this RFC assessment, the ALJ considered Smith's testimony and assertions regarding her limitations. *Id.* at 24–25. The ALJ concluded that although Smith's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* at 25. The ALJ also considered Smith's medical records. *Id.* at 25–27.

The ALJ further considered the opinions in the record. *Id*. at 27–29. He considered the opinions of Dr. Krishan and found them persuasive. *Id.* at 27. The ALJ also considered the opinions of the state agency medical consultants and found them generally persuasive. *Id.* at 27–28. He also considered—and found not persuasive—the opinions of Dr. Kneifati and Dr. Maxwell. *Id.* at 28–29. The ALJ further found the opinions of the functional capacity evaluator, Brandon Burkett, persuasive. *Id.* at 29.

**E. Step Four.**

At step four of the sequential-evaluation process, the ALJ found that Smith was unable to perform any past relevant work. *Id.* at 29.

**F. Step Five.**

At step five of the sequential-evaluation process, considering Smith's age, education, work experience, and RFC, as well as the testimony of a vocational expert, the ALJ found that there were jobs—such as machine tender, charge account clerk, and sorter—that exist in significant numbers in the national economy that Smith could perform. *Id.* at 30.

In sum, the ALJ concluded that Smith was not disabled from January 12, 2021, through the date of his decision on January 3, 2025. *Id.* Thus, he denied Smith's claim for benefits. *Id.* at 31.

## V. Discussion.

The local rules of court address the requirements for the argument section of a Social Security plaintiff's brief:

> The argument shall be divided into sections separately addressing each issue and shall set forth the contentions of plaintiff with respect to each issue and the reasons therefor. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations and cases supporting plaintiff's position.

M.D. Pa. L. R. 83.40.4(c). Smith's brief fails to comply with this rule, making it difficult to isolate her claims. While the Commissioner notes that Smith's brief is comprised of a collection of documents, the Commissioner does not object that Smith's brief does not comply with the rules, and the Commissioner reasonably construes Smith's brief as raising one primary claim: the ALJ erred in finding Smith not disabled even though there was substantial evidence that would support a finding that Smith was disabled. *Doc. 14*. Before we address this issue, however, we address Smith's reliance on evidence that post-dates the ALJ's decision.

**A. The ALJ did not err in failing to consider medical records that post-date the ALJ's decision, and Smith has not shown a basis for remand based on new evidence.**

In her complaint and brief, Smith suggests that the Commissioner failed to consider evidence. It appears that Smith is referring to the evidence attached to her complaint and brief that dates after the ALJ's decision. But Smith makes no argument for how the ALJ could have erred by failing to consider records that date after the ALJ's decision. And there is no basis for any such argument. Where, as here, "the Appeals Council denies the request for review, the ALJ's decision is the Commissioner's final decision." *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). "No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." *Id.* at 594.

Rather, "[i]f the Appeals Council denies the request for review, the ALJ's decision is the Commissioner's final decision." *Id.* at 592. And "[f]or purposes of judicial review, the 'record' is 'the evidence upon which the findings and decision complained of are based.'" *Id.* at 594 (quoting 42 U.S.C. § 405(g) (Sentence Three)). In other words, when the Appeals Council denies review, the record "is the information that was before the ALJ, the final administrative decisionmaker . . . ." *Id.* at 594. It is based on that record that the court determines whether the ALJ's decision is supported by substantial evidence. *Id.* ("No statutory provision authorizes the district court to make a decision on the substantial evidence standard based on the new and material evidence never presented to the ALJ."). Thus, "[e]vidence submitted after the administrative law judge's decision cannot be used to argue that the administrative law judge's decision is not supported by substantial evidence." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 544 (M.D. Pa. 2012). Accordingly, we reject Smith's suggestions that the ALJ erred by failing to consider the additional evidence.

We note that although evidence not before the ALJ cannot be used to conclude that the ALJ's decision is not supported by substantial evidence, such evidence can be considered to determine whether to remand under Sentence Six of 42 U.S.C. § 405(g). *Matthews*, 239 F.3d at 592. Sentence Six of § 405(g) provides, in pertinent part:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g). The court may remand the case to the Commissioner under Sentence Six if three requirements are met: (1) the evidence is new; (2) the evidence is material; and (3) and there is good cause for why the claimant did not present the evidence to the ALJ. *Matthews*, 239 F.3d at 593. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak v. Sec'y of Health & Hum. Servs.*, 745 F.2d 831, 833 (3d Cir. 1984). Here, Smith attaches additional evidence to her brief that post-dates the ALJ's decision. *See doc. 12* at 7, 12–13. And Smith makes no argument regarding the elements of a remand under Sentence Six of 42 U.S.C. § 405(g). Smith fails to show that the evidence she points to is material and that there was good cause for not presenting it to the ALJ. Accordingly, we will not consider this evidence when reviewing the ALJ's decision, and we will not remand under Sentence Six based on this evidence.

**B. The ALJ did not err in finding Smith not disabled.**

Smith further contends that there is substantial evidence that supports that she is disabled. But Smith has not pointed to specific evidence that the ALJ failed to consider. And the question is whether substantial evidence supports the ALJ's decision, not whether substantial evidence supports Smith's position. In effect, Smith suggests that the court accept her analysis of the evidence over the analysis set forth by the ALJ because she "know[s] a couple of people that got approved for less disabilities than [her]." *Doc. 12* at 3. But we cannot reweigh the evidence. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356. 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'" (citation omitted)). And "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009).

Here, the ALJ fulfilled his duty in evaluating the evidence and explaining why he chose to credit some evidence over other evidence. In sum, because the

ALJ reviewed the evidence and adequately explained his findings, the ALJ's decision is supported by substantial evidence.

**VI. Conclusion.**

For the foregoing reasons, we will affirm the decision of the Commissioner. An appropriate order follows.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge